FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DONNIE LEE H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

NO: 2:18-CV-280-FVS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary

judgment. ECF Nos. 10 and 12. This matter was submitted for consideration

without oral argument. The Plaintiff is represented by Attorney Jeffrey Schwab.

The Defendant is represented by Special Assistant United States Attorney Joseph J.

Langkamer. The Court has reviewed the administrative record, the parties'

completed briefing, and is fully informed. For the reasons discussed below, the

Court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 12, and

**DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 10.

# JURISDICTION

Plaintiff Donnie Lee H.[1] filed for supplemental security income and disability insurance benefits on September 29, 2015, alleging an onset date of February 1, 2013.[2]  Tr. 577-87.  Benefits were denied initially, Tr. 499-503, and upon reconsideration, Tr. 506-13.  A hearing before an administrative law judge ("ALJ") was conducted on February 8, 2017.  Tr. 389-424.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ denied benefits, Tr. 346-65, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

/ / /

/ / /

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] As noted by the ALJ, "a prior decision prevents [Plaintiff] from now asserting that [he] was disabled through the date of that decision, and it creates an ongoing presumption that [he] was able to work beyond the date of that decision (or the adjudicated period). . . . If the presumption is not rebutted, the undersigned must determine that [Plaintiff] is not disabled with respect to the unadjudicated period, that is, from July 25, 2015, through the date of this decision."  Tr. 349.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 39 years old at the time of the hearing. Tr. 358, 605. He graduated from high school, completed a CNA class in 2003, and testified that he tried to go to college for his AA degree. Tr. 394, 610. He lives with his parents for six months out of the year, and by himself for six months of the year. Tr. 394. Plaintiff served in the U.S. Navy for four years. Tr. 394. Plaintiff has work history as a fast food cashier, home attendant, nurse aide, maintenance mechanic, dump truck driver, and station attendant. Tr. 411-15. He testified that he could not work or go to school during the relevant adjudicatory period because of trouble focusing and concentrating, and chronic nausea. Tr. 396-97.

Plaintiff testified that he can only walk twenty minutes before he has to sit; he can sit up to thirty minutes before he has to get up or change position; gets four to five hours of sleep a night; has depression; has anxiety attacks when he leaves the house; is forgetful; has blurry vision for periods of time due to his blood sugar; has memory loss; experiences stress and anxiety; has muscle spasms and cramps; has feet numbness and pain; and has balance issues. Tr. 398-400, 404-409. He also testified that he walks his dog less than a quarter mile, doesn't do any heavy

lifting, does chores in small increments, and does not drive because of his diabetes. Tr. 403-05.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate

nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 24, 2015, the beginning of the unadjudicated period onset date. Tr. 352. At step two, the ALJ found that Plaintiff has the following severe impairments: type I diabetes with neuropathy, blurry vision, and nausea with vomiting; broken patella; depression; anxiety; and substance abuse in remission. Tr. 352. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 352. The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, and scaffolds. The claimant can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can have no more than occasional exposure to extreme cold, extreme heat, wetness, humidity, and vibration. The claimant can have no more than occasional exposure to dangerous machinery and unprotected heights. The claimant would need an option to change between sitting and standing every thirty minutes for up to five minutes at the workstation. The claimant cannot drive motor vehicles at work. The claimant can perform simple, routine, repetitive tasks. The claimant cannot perform production pace work.

Tr. 354. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 358. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: cleaner, housekeeping, garment sorter, and mail clerk. Tr. 359. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 24, 2015, through the date of this decision. Tr. 360.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;

2. Whether the ALJ properly considered the lay witness statement; and

3. Whether the ALJ erred at step five.

## DISCUSSION

### A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however,

Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 355.

### 1. Daily Activities

First, the ALJ found Plaintiff's activities "suggest[] that his functional abilities are greater than alleged." Tr. 358. Plaintiff correctly notes that a claimant need not be utterly incapacitated in order to be eligible for benefits. ECF No. 10 at 16 (citing *Fair*, 885 F.2d at 603); *see also Orn*, 495 F.3d at 639 ("the mere fact that a plaintiff has carried on certain activities . . . does not in any way detract from her credibility as to her overall disability."). Regardless, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

In support of this finding, the ALJ noted that "for at least a portion of the relevant period, [Plaintiff] was a college student, who earned between As and C+s in 2015, which are not failing grades." Tr. 358 (citing Tr. 683). The ALJ also noted that Plaintiff reported babysitting his niece and nephew; taking care of a dog and doing household chores; making Hobo guitars; shopping in stores; spending time with others and attending church; wanting to start dating; and attending a wedding and sharing a room with nine other people. Tr. 353-54, 358, 634-37, 870, 930, 934. Finally, the ALJ cited evidence that Plaintiff lived with his parents who

were "snowbirds" and only lived in the state for six months; thus, "[Plaintiff] must live on his own for six months out of the year, which suggest that his functional abilities are greater than alleged."  Tr. 358, 394.

Plaintiff argues that while Plaintiff "was able to complete some simple activities, such as attending a wedding and taking care of a dog, these do not detract from the severity of his conditions."  ECF No. 13 at 4.  However, regardless of evidence that could be viewed more favorably to Plaintiff, it was reasonable for the ALJ to conclude that Plaintiff's documented daily activities and social functioning, including attending college classes and caring for children, was inconsistent with his allegations of incapacitating limitations.  Tr. 28-29; *Molina*, 674 F.3d at 1113 (Plaintiff's activities may be grounds for discrediting Plaintiff's testimony to the extent that they contradict claims of a totally debilitating impairment); *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (where evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld).  This was a clear and convincing reason to discredit Plaintiff's symptom claims.

### 2.  *Lack of Objective Medical Evidence*

Second, the ALJ noted that the evidence "does not support the alleged severity of" his claimed impairments.  Tr. 358.  An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

Here, the ALJ set out the medical evidence contradicting Plaintiff's claims of disabling physical limitations during the relevant adjudicatory period, including: August 2015 notes that Plaintiff's diabetes was "usually well controlled" with medication; January 2016 and February 2016 findings that Plaintiff's light touch sensation was grossly intact and Plaintiff identified 4/5 locations bilaterally during a monofilament examination; December 2015 findings that Plaintiff had 5/5 muscle strength in all major muscle groups of the lower extremities; and after treatment for a broken patella in 2015, Plaintiff was observed to have only "mild swelling and minimal tenderness" and x-rays "detailed good alignment without displacement." Tr. 355-56 (citing Tr. 712, 728, 815, 882, 886). Similarly, the ALJ outlined medical evidence inconsistent with Plaintiff's allegations of disabling mental health limitations, including consistent observations that Plaintiff had normal mood and affect; and November 2016 treatment notes indicating that Plaintiff's depression and anxiety improved with the use of medication. Tr. 356-57 (citing, e.g., Tr. 815, 819, 823, 912, 930).

As an initial matter, the Court notes that Plaintiff fails to identify or challenge this reasoning in his opening brief; thus, the Court may decline to

consider this issue. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). In his reply brief, Plaintiff asserts that "while there are a few benign objective findings in the record, there are a significant number of objective findings that support [Plaintiff's] allegations of disabling physical and mental conditions." ECF No. 13 at 2 (citing Tr. 703, 726, 729, 810, 827, 894, 897, 913). However, the Court's review of the ALJ's decision indicates that Plaintiff's treatment records were considered in their entirety, including evidence that at times during the relevant adjudicatory period Plaintiff presented with thumb and patella fractures due to a bicycle accident, abnormal monofilament tests, uncontrolled diabetes, and depression. Tr. 355-58.

Based on the foregoing, and regardless of evidence that could be interpreted more favorably to Plaintiff, it was reasonable for the ALJ to find the severity of Plaintiff's symptom claims was inconsistent with medical evidence during the relevant adjudicatory period. "[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *See Burch*, 400 F.3d at 679. The lack of corroboration of Plaintiff's claimed limitations by the medical evidence was a clear and convincing reason for the ALJ to discount Plaintiff's symptom claims.

### 3. Conservative Treatment Effective in Controlling Symptoms

Second, the ALJ found "the record also details that [Plaintiff's] impairments were treated conservatively, with medication, which further suggests that they are

less severe than alleged." Tr. 358. Plaintiff generally argues that his "need for medication supports the existence of the impairments he alleges." ECF No. 10 at 15. However, it is well settled in the Ninth Circuit that evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (internal citations omitted) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). In support of this finding, the ALJ notes that after treatment, x-rays of Plaintiff's fractured patella "detailed good alignment without displacement," and treatment providers consistently reported that medication improved Plaintiff's depression and anxiety. Tr. 358, 712. 728, 787, 912. Based on this evidence, the ALJ reasonably concluded that the conservative treatment of Plaintiff's physical and mental impairments was inconsistent with the severity of Plaintiff's symptom claims.[3]

_____

[3] The ALJ references "conservative treatment" of Plaintiff's diabetes, along with conservative treatment of his other claimed physical and mental impairments, as discussed above, as evidence in support of this reasoning. *See* Tr. 356, 728, 828,

This was a clear and convincing reason for the ALJ to discount Plaintiff's symptom claims.

### 4. Failure to Comply with Treatment

Finally, the ALJ "note[d] that the record repeatedly details periods of noncompliance." Tr. 358. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). In support of this finding, the ALJ cites Plaintiff's own report that he only checked his blood sugars "about" one time a day, and his subsequent report that he had not seen his primary care doctor for his diabetes in "about 6 months." Tr. 358 (citing Tr. 813, 826). The Court's review of the record further indicates that Plaintiff repeatedly reported he "doesn't always do the best job about" administering his insulin and eating

---

916. However, the ALJ does not cite, nor does the Court discern, a treatment for diabetes that is less conservative than counseling Plaintiff to keep up on his insulin injections and other diabetes medication. Thus, the ALJ erred to the extent he relies on conservative treatment of diabetes as evidence in support of this finding. However, this error is harmless because, as discussed above, the ALJ's support of this reason, and the overall rejection of Plaintiff's symptom claims, was supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

properly.  Tr. 725, 786, 893, 912.  Finally, as noted by the ALJ, Plaintiff was "recommended for high intensity community-based services to treat his mental health symptoms.  [However,] records do not detail [that Plaintiff] sought mental health treatment until November 2016."  Tr. 356 (citing Tr. 875, 879).

Plaintiff argues this reasoning "is not valid because the periods of non-compliance are consistent with the nature of [Plaintiff's] mental impairments."  ECF No. 10 at 15.  In support of this argument, Plaintiff cites (1) his mother's report that he was "self-destructive and would go for weeks at a time without taking his medications"; and (2) a treatment note indicating that Plaintiff's depression makes him "apathetic toward caring for his diabetes at times."  ECF No. 10 at 15-16 (citing Tr. 916-17).  Where the evidence suggests lack of mental health treatment is part of a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment as evidence of a lack of credibility.  *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).  However, the evidence cited by Plaintiff in support of his argument is entirely comprised of October 2016 statements by Plaintiff and his mother.  *See* Tr. 916-17.  As discussed in detail herein, Plaintiff's symptom claims, and his mother's lay witness statements, were properly discounted by the ALJ.

The Court finds this evidence, standing alone, does not support Plaintiff's argument that the failure to seek or participate in treatment is attributable to his claimed mental impairment rather than a personal preference; thus, it was

reasonable for the ALJ to conclude that Plaintiff's failure to comply with treatment was inconsistent with the alleged severity of Plaintiff's complaints. *See Molina*, 674 F.3d at 1113-14. Moreover, even assuming the ALJ erred in this reasoning, any error is harmless because, as discussed above, the ALJ's ultimate rejection of Plaintiff's symptom claims was supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

The Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

### B. Lay Witness Evidence

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his] condition."). To discount evidence from lay witnesses, an ALJ must give reasons "germane" to each witness. *Dodrill*, 12 F.3d at 919.

In October 2015, Plaintiff's mother, Creola Rider, completed a function report and reported that Plaintiff was unable to stand for more than an hour, unable to drive because of poor vision, was chronically depressed, suffered from anxiety attacks, and had difficulties with stress. Tr. 357, 617-24. The ALJ "credits the observations of Ms. Rider to the extent they are consistent with the evidence," but

notes that (1) the evidence "does not detail such limitations were as severe as alleged by Ms. Rider; (2) Plaintiff testified he lives alone for six months out of the year, "which suggests that his limitations are not as severe as alleged"; and (3) "statements by Ms. Rider are highly subjective and lack medically acceptable standards." Tr. 357.

As an initial matter, Plaintiff correctly notes that "the statement of a family member is subjective by nature and is not expected to reach medically acceptable standards." ECF No. 10 at 17. The Ninth Circuit has held that it is error to discount lay witness testimony because of a relationship to the Plaintiff. *See Smolen*, 80 F.3d at 1289 ("testimony from lay witnesses who see the claimant every day is of particular value"). However, this error is harmless because, as discussed herein, the ALJ gave additional germane reasons, supported by substantial evidence, for rejecting Ms. Rider's lay witness statement. *See Carmickle*, 533 F.3d at 1162-63. First, the ALJ found that the medical evidence does not support the severe mental limitations alleged by Ms. Rider. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (ALJ may discount lay testimony if it conflicts with the medical evidence). Second, the ALJ noted that Plaintiff's ability to live alone for six months of the year was inconsistent with the severity of the limitations alleged by Ms. Rider. *See Carmickle*, 533 F.3d at 1164 (inconsistency between a claimant's activities and a lay witness's testimony is a germane reason to discount the lay testimony).

Finally, as noted by Defendant, even assuming, *arguendo*, that the ALJ failed to properly weigh this lay witness statement, any error is harmless because the witness' testimony was substantially the same as the Plaintiff's, and as discussed above, the ALJ provided legally sufficient reasons for finding the claimant less than fully credible. *See Molina*, 674 F.3d at 1121-22; ECF No. 12 at 9 (citing Tr. 396-400, 617-24, 633-40). For all of these reasons, the ALJ did not err in considering Ms. Rider's lay witness statement.

**C. Step Five**

Finally, Plaintiff argues the ALJ improperly rejected Plaintiff's subjective testimony, and therefore erred at step five by posing an incomplete hypothetical to the vocational expert. ECF No. 10 at 18-19. Plaintiff is correct that "[i]f an ALJ's hypothetical does not reflect all of the claimant's limitations, the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Bray,* 554 F.3d at 1228 (citation and quotation marks omitted). However, as discussed in detail above, the ALJ's rejection of Plaintiff's symptom claims and the lay witness statement, was supported by the record and free of legal error. The hypothetical proposed to the vocational expert contained the limitations reasonably identified by the ALJ and supported by substantial evidence in the record. Thus, the ALJ did not err at step five.

/ / /

/ / /

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and convincing reasons to discount Plaintiff's symptom testimony, properly considered the lay witness statement, and did not err at step five. After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** September 17, 2019.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge